JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WINSTON RICKETTS

### DEFENDANTS
HILTON WORLDWIDE, INC. d/b/a EMBASSY SUITES PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION  *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN  *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII   PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE: 11/19/2014
SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity.**         Example:         U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT     APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 448 E. TULPEHOCKEN STREET PHILADELPHIA, PA 19144

Address of Defendant: 1776 BENJAMIN FRANKLIN PARKWAY, PHILADELPHIA, PENNSYLVANIA 19103

Place of Accident, Incident or Transaction: 1776 BENJAMIN FRANKLIN PARKWAY, PHILA, PA 19103

*(Use Reverse Side For Additional Space)*

Does this case involve mutidistrict litigation possibilities?   Yes☐  No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suitor any earlier numbered case pending or within one year previously terminated action in this court?

   Yes☐  No☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity *Jurisdiction* Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

**SIDNEY L. GOLD, ESQUIRE**  counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 11-19-201      /s/ SIDNEY L. GOLD, ESQUIRE      SLG-21374
                     Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: 11-19-2014     /s/ SIDNEY L. GOLD, ESQUIRE      SLG-21374
                     Attorney-at-Law                  Attorney I.D.#

CIV-609 (9/99)

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 448 E. TULPEHOCKEN STREET PHILADELPHIA, PA 19144

Address of Defendant: 1776 BENJAMIN FRANKLIN PARKWAY, PHILADELPHIA, PENNSYLVANIA 19103

Place of Accident, Incident or Transaction: 1776 BENJAMIN FRANKLIN PARKWAY, PHILA, PA 19103

*(Use Reverse Side For Additional Space)*

Does this case involve mutidistrict litigation possibilities?   Yes ☐   No ☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity *Jurisdiction* Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

**SIDNEY L. GOLD, ESQUIRE**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 11-19-201       /s/ SIDNEY L. GOLD, ESQUIRE       SLG-21374
                      Attorney-at-Law                   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: 11-19-2014      /s/ SIDNEY L. GOLD, ESQUIRE       SLG-21374
                      Attorney-at-Law                   Attorney I.D.#

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

WINSON RICKETTS                                   CIVIL ACTION

v

HILTON WOLDWIDE, INC. d/b/a EMBASSY SUITES
PHILADELPHIA                                        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255.    ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

**(e) Standard Management -- Cases that do not fall into any one of the other tracks.**    (X)

11-19-2014                                        /S/SIDNEY L. GOLD, ESQUIRE

Date                                             Attorney-at-law

                                                   /S/SIDNEY L. GOLD, ESQUIRE
                                                   Attorney for Plaintiff

Wiy. 660) 7195

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WINSTON RICKETTS,<br>      *Plaintiff*,<br><br>vs.<br><br>HILTON WORLDWIDE, INC.<br>D/B/A EMBASSY SUITES<br>PHILADELPHIA,<br><br>      *Defendant*. | CIVIL ACTION NO.:<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**I.   PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Winston Ricketts ("Ricketts"), a former employee of Defendant, Hilton Worldwide, Inc. d/b/a Embassy Suites Philadelphia ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII"), the Civil Rights Act of 1871, 42 U.S.C. §1981("§1981"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

**II.    JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Ricketts' claims are substantively based on Title VII and §1981.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Ricketts' claim arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled. On August 21, 2014, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Ricketts has satisfied all other jurisdictional prerequisites to the maintenance of this action.

**III.   PARTIES:**

7. Plaintiff, Winston Ricketts ("Ricketts"), is a forty-nine (49) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 448 E. Tulpehocken Street, Philadelphia, Pennsylvania 19144.

8. Defendant, Hilton Worldwide, Inc. d/b/a Embassy Suites Philadelphia ("Defendant"), is a corporation duly organized and existing under the laws of the State of Delaware, maintaining a place of business located at 1776 Benjamin Franklin Parkway, Philadelphia, Pennsylvania 19103.

9. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant is and has been a "person" and "employer" as defined under Title VII, §1981, and the PHRA, and is accordingly subject to the provisions of said Acts.

11. At all times material herein, Plaintiff Ricketts is and has been a "person" and "employee" as defined under Title VII, §1981, and the PHRA, and is accordingly entitled to the protection of said Acts.

IV. **STATEMENT OF FACTS:**

12. Plaintiff Ricketts, an individual born in Jamaica, was employed by the Defendant from on or about June 9, 2002 through on or about August 22, 2013, the date of his unlawful termination.

13. During his tenure of employment with The Defendant, Plaintiff Ricketts held the position of Engineering Supervisor and at all times maintained a satisfactory job performance rating in said capacity.

14. In or about June of 2013, The Defendant hired Jose Maysonet ("Maysonet"), Chief Engineer, to serve as Plaintiff Ricketts's direct supervisor. Immediately thereafter, Maysonet initiated a campaign of discrimination against Plaintiff Ricketts due to his race and national origin.

15. By way of example, Maysonet repeatedly sent Plaintiff Ricketts home from work early without explanation. Similarly situated, Caucasian co-workers were not asked to leave work before the scheduled end of their respective shifts. When Plaintiff Ricketts inquired as to why Maysonet had demanded Plaintiff Ricketts go home early when there was considerable work to be completed, Maysonet egregiously replied "go back to Jamaica."

16. On or about June 17, 2013, Plaintiff Ricketts reported Maysonet's discriminatory conduct and remark to Theodore Darnell ("Darnell"), Chief Executive Officer, Michael Miner ("Miner"), Location Director, and Nigel Hurst ("Hurst"), Human Resources Director. Thereafter, The Defendant initiated an investigation into Plaintiff Ricketts's report of a racially hostile work environment.

17. On or about June 27, 2013, Jean Schmier ("Schmier"), Employee Relations Director, informed Plaintiff Ricketts that The Defendant would not take any corrective action regarding his Complaint of race and national origin discrimination.

18. Upon learning of the aforesaid report, Maysonet embarked on a campaign of retaliation against Plaintiff Ricketts, and began treating Plaintiff Ricketts in an increasingly aggressive and hostile manner. On or about June 31, 2013, Maysonet approached Plaintiff Ricketts and shouted "you're a sorry ass snitch–why don't you leave or quit?" Plaintiff Ricketts demanded Maysonet cease and desist immediately. Later on aforesaid date, Plaintiff Ricketts reported Maysonet's retaliatory remark to Darnell,

Miner, and Hurst, but The Defendant failed to investigate Plaintiff Ricketts's report or take any corrective action.

19. Despite Plaintiff Ricketts's reports of race and national origin discrimination, Maysonet's discriminatory and retaliatory behavior persisted. By way of example, in or about late July of 2013, Maysonet falsely accused Plaintiff Ricketts of insubordination for failing to make a copy of a key which he never instructed Plaintiff Ricketts to copy. Curiously, Plaintiff Ricketts's work performance had never before been negatively criticized in his over eleven (11) years of employment with The Defendant.

20. By way of further example, on or about August 9, 2013, Maysonet violently ripped a binder from Plaintiff Ricketts's hands and stated "come Monday, you are going to get it", insinuating Plaintiff Ricketts will face repercussions for reporting unlawful discrimination in the workplace.

21. Later on said date, Plaintiff Ricketts registered a written complaint of race and national origin discrimination to Rodney Gooden ("Gooden"), General Manager. Rather than take corrective action to stop Maysonent's discriminatory and retaliatory conduct, Gooden unreasonably instructed Plaintiff Ricketts to go home and not return to work until further instruction.

22. On or about August 21, 2013, following an unjustified, eleven (11) day suspension for registering a complaint of discrimination and retaliation, Plaintiff Ricketts was permitted to return to work. Gooden and Elizabeth Pasquini ("Pasquini"), Human

5

Resources Manager, issued Plaintiff Ricketts a final written warning after Maysonet fabricated a report of insubordination which alleged that Plaintiff Ricketts failed to clean up nails and log calls as requested. Plaintiff Ricketts denied Maysonet's allegation, and stated that he believed he was placed on a suspension for registering complaints of race and national origin discrimination.

23. On or about August 22, 2013, the date following Plaintiff Ricketts's reinstatement and final written warning, Pasquini summoned Plaintiff Ricketts to her office and abruptly terminated Plaintiff Ricketts's employment for allegedly arguing with a Contractor. Plaintiff Ricketts did meet with a Contractor on said date, however, their exchange in The Defendant's hotel lobby was pleasant and professional, as Plaintiff Ricketts escorted the Contractor to the work site and then returned to work. Plaintiff Ricketts believes and avers that The Defendant's articulated reason for Plaintiff Ricketts's termination is pretextual, and that Plaintiff Ricketts's termination was based entirely on Plaintiff Ricketts's race (African-Carribean), national origin (Jamaica), and in retaliation for Plaintiff Ricketts's registered reports of unlawful discrimination in the workplace.

### COUNT I
### Plaintiff Ricketts v. the Defendant
### (Title VII - Race Discrimination, National Origin Discrimination, and Retaliation)

24. Plaintiff Ricketts incorporates by reference paragraphs 1 through 23 of his Complaint as though fully set forth herein.

25.     The actions of the Defendant, through its agents, servants and employees, as aforesaid, in subjecting Plaintiff Ricketts to discrimination on the basis of his race, national origin, and to retaliation for opposing unlawful discrimination in the workplace, constituted violations of Title VII.

26.     As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Ricketts sustained permanent and irreparable harm, resulting in a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

27.     As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Ricketts suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT II
**Plaintiff Ricketts v. the Defendant**
**(§1981 - Race Discrimination, Retaliation)**

28.     Plaintiff Ricketts incorporates by reference paragraphs 1 through 27 of his Complaint as though fully set forth herein.

29.     The actions of the Defendant, through its agents, servants and employees, as aforesaid, in subjecting Plaintiff Ricketts to discrimination on the basis of his race, and to

retaliation for opposing unlawful discrimination in the workplace, constituted violations of §1981.

30. As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff Ricketts sustained permanent and irreparable harm, resulting in a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

31. As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff Ricketts suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### Plaintiff Ricketts v. the Defendant
### (PHRA - Race Discrimination, National Origin Discrimination, and Retaliation)

32. Plaintiff Ricketts incorporates by reference paragraphs 1 through 31 of his Complaint as though fully set forth herein.

33. The actions of the Defendant, through its agents, servants and employees, as aforesaid, in subjecting Plaintiff Ricketts to discrimination on the basis of his race, national origin, and to retaliation for opposing unlawful discrimination in the workplace, constituted violations of the PHRA.

34. As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Ricketts

sustained permanent and irreparable harm, resulting in a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35. As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Ricketts suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

36. Plaintiff Ricketts incorporates by reference paragraphs 1 through 35 of his Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Ricketts requests that this Court enter judgment in his favor and against the Defendant and Order that:

a. Defendant compensate Plaintiff Ricketts with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination and retaliation;

b. Defendant compensate Plaintiff Ricketts with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Ricketts compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses as allowable;

     d.     Defendant pay to Plaintiff Ricketts punitive damages, pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

     e.     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Ricketts demands trial by jury.

                    SIDNEY L. GOLD & ASSOCIATES, P.C.

          By:    /s/ Sidney L. Gold, Esquire SG1387
                    SIDNEY L. GOLD, ESQUIRE
                    Attorney I.D. No.: 21374
                    1835 Market Street, Suite 515
                    Philadelphia, PA 19103
                    (215) 569-1999
                    **Attorney for Plaintiff**

Dated:     November 19, 2014

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 10.31.14

_____
WINSTON RICKETTS, Plaintiff